(37 Misc. Rep. 670.)

## STENGEL v. HEWIT.

(Supreme Court, Trial Term, Erie County.  April, 1902.)

1. CROSS-EXAMINATION OF VENDEE.
    Plaintiff sued to recover for an alleged failure to deliver doors to be
    manufactured under an executory contract, and alleged that they were
    worth more than the contract price. Defendant pleaded that plaintiff
    failed to pay for the doors as required, and sued to recover the differ-
    ence between the contract price and what he obtained for them on a
    resale. Held that, where plaintiff testified as to their market value,
    defendant may ask him what he paid for doors of the same kind to
    replace them.

2. DAMAGES—BREACH OF CONTRACT—EVIDENCE.
    In an action to recover for alleged failure to deliver goods to be
    manufactured, where defendant alleges that the goods were not delivered
    because plaintiff failed to pay for them as required, and seeks to re-
    cover damages, he may show what he paid for the goods on a resale.

Action by John F. Stengel against Loren M. Hewit. Verdict for
defendant, and plaintiff moves to set aside the verdict and for a new
trial. Denied.

Frank Harding, for the motion.
James P. Lindsay, opposed.

KRUSE, J. This controversy arises out of a contract whereby
the plaintiff agreed to purchase and the defendant agreed to sell a
quantity of doors at the price of $1,450. Plaintiff paid the sum of
$500, and agreed to pay the balance, according to the terms of the
contract, upon delivery of the doors at a certain building then being
erected on Chapin place, in the city of Buffalo. The defendant con-
tended that the original contract was modified so as to entitle him to
the remaining amount of the purchase price when the doors were
inspected on cars at Buffalo, and so the jury in fact found by their

verdict. The plaintiff sought to recover for the breach of contract by the defendant in failing to deliver the doors as the contract required, contending that the doors were worth more than the contract price, while the defendant contended that the plaintiff had failed to pay as required by the modified agreement, and sought to recover the difference between what was realized upon a resale of the doors and the contract price. A verdict was found in favor of the defendant, and the plaintiff now contends that certain proof was erroneously admitted against the objection of the plaintiff. The plaintiff testified that the market value of the doors was $1,700, and upon cross-examination admitted that he later purchased the same doors for the sum of $800. Assuming that this testimony as to what was paid by the plaintiff for the doors was not admissible, upon direct examination, for the purpose of establishing their value, under the decision in Sebring v. Wellington, 63 App. Div. 498, 71 N. Y. Supp. 788, yet I think it was competent upon cross-examination. It is also contended by the plaintiff that the price for which the property was sold upon the resale by the defendant was improperly admitted. I do not think this objection tenable. The rule has long been established that, where a vendee unlawfully refuses to accept personal property under an executory contract of sale, the vendor may avail himself of one of three remedies, viz.: He may retain the property for the vendee, and recover the entire purchase price; or he may keep it as his own, and sue for the difference between the market value and the contract price; or he may sell the property for the highest price he can get, and recover the balance of the purchase price. In this case no question was raised but that the defendant sold the property for the best price obtainable, so that the question of the fairness of the sale was not involved; and, while the evidence may not have been admissible upon the question of value, it was proper upon the question of damages which the defendant had sustained in consequence of the breach of contract by the plaintiff. I do not think the cases of Latimer v. Burrows, 163 N. Y. 7, 57 N. E. 95, and Sebring v. Wellington, supra, are in conflict with this view. The recent case of Ackerman v. Rubens, 167 N. Y. 408, 60 N. E. 750, 53 L. R. A. 867, 82 Am. St. Rep. 728, is an authority for the view which I have expressed, and makes unnecessary an exhaustive examination of the various authorities upon this question. No other questions have been urged upon this motion, and I have been unable to discover any which would warrant a new trial. The motion is denied, with $10 costs.

Motion denied, with $10 costs.